SECOND DEPARTMENT, NOVEMBER, 1998

(November 2, 1998)

■ RUGIA AKHTAR, Appellant-Respondent, v VINCENZO CAVA-LIERI, Respondent-Appellant. [679 NYS2d 318] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated January 3, 1997, as granted that branch of the defendant's motion which was to vacate his default in answering, and the defendant cross-appeals from so much of the same order as, upon granting his motion to vacate his default in answering, struck the affirmative defense of lack of personal jurisdiction and directed the defendant to pay the plaintiff's attorneys $9,230 as a condition of vacating his default.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law and as a matter of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether the defendant was properly served; and it is further,

Ordered that in the event it is determined, after a hearing, that the defendant was properly served, the defendant is directed to pay the plaintiff's attorneys $5,000 as a condition of vacating his default pursuant to CPLR 5015 (a) (1).

Contrary to the determination of the Supreme Court, the defendant's objections to the propriety of service warranted a hearing (*see, e.g., Wern v D'Alessandro,* 219 AD2d 646; *see, Poet v Kolenda,* 142 AD2d 633). If it is determined that the defendant was not properly served, then the default judgment must be vacated unconditionally pursuant to CPLR 5015 (a) (4) (*see, Anello v Barry,* 149 AD2d 640).

However, if, after a hearing, it is determined that the defendant was properly served, we agree that, under the circumstances of this case, the vacatur of the defendant's default pursuant to CPLR 5015 (a) (1) and the imposition of costs would not be an improvident exercise of discretion (*see, Furon Constr. v Velez,* 209 AD2d 666; *American Sigol Corp. v Zicherman,* 166 AD2d 628). However, an award of "costs" in the amount of

$9,230, which includes counsel fees for services not necessarily related to the defendant's default, would be excessive under the circumstances, and should be limited to $5,000 (*see, Workman v Amato,* 231 AD2d 627). O'Brien, J. P., Joy, Friedmann and Goldstein, JJ., concur.