■ MICHELLE CAMPBELL, Respondent, v JEFFREY JOHNSON, Appellant. [694 NYS2d 151] —In an action to recover on a promissory note, the defendant appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), entered May 6, 1998, which denied his motion for leave to vacate a judgment in favor of the plaintiff and against him in the principal sum of $20,000 entered upon his default in appearing in the action.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine whether personal jurisdiction over the defendant was obtained in the action, and for a new determination of the motion.

The Supreme Court erred in denying the defendant's motion for leave to vacate the default judgment entered against him on the ground that he submitted photocopied and not original affidavits in support of the motion (*see,* CPLR 2101 [e]; *Matter of Lamont D.,* 247 AD2d 615; *Matter of Samuel E.,* 240 AD2d 251).

In his affidavit in support of the motion, the defendant stated that he was never served with the summons and complaint and that he first became aware of the judgment when his employer received an income execution. The affidavit of the process server indicates that the defendant was personally served at his place of business. In view of the conflicting affidavits, a hearing is necessary to determine whether the defendant was served with the summons and complaint.

If service was not effected, then the default judgment must be vacated unconditionally (*see, Akhtar v Cavalieri,* 255 AD2d

275; *Taylor v Jones,* 172 AD2d 745; *Anello v Barry,* 149 AD2d 640). Conversely, if the defendant was properly served, there is no excuse for his default and the motion should be denied (*see, Taylor v Jones, supra*). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.