◼ TOYOTA MOTOR CREDIT CORPORATION, Respondent, v HARDWARE LAM, Defendant, and ANNA GANSBURG, Appellant. [939 NYS2d 869]—

In an action to recover damages for breach of a lease, the defendant Anna Gansburg appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated April 11, 2011, which denied her motion pursuant to CPLR 5015 (a) (4) to vacate a judgment of the same court entered September 10, 2010, upon her default in appearing or answering the complaint, pursuant to CPLR 2004 for leave to serve a late answer, pursuant to CPLR 510 to transfer venue of the action to Kings County, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Rockland County, for a hearing to determine whether the defendant Anna Gansburg was properly served with process, and for a new determination of the motion thereafter.

Under CPLR 5015 (a) (4), a default must be vacated once a movant demonstrates lack of personal jurisdiction (*see Hossain v Fab Cab Corp.*, 57 AD3d 484 [2008]; *Matter of Qadeera Tonezia D.*, 55 AD3d 606 [2008]). A party who moves to vacate a judgment entered on default is relieved of any obligation to demon-

strate a reasonable excuse for the default and a potentially meritorious defense when lack of personal jurisdiction is asserted as the ground for vacatur (*see Deutsche Bank Natl. Trust Co. v Pestano*, 71 AD3d 1074 [2010]; *Harkless v Reid*, 23 AD3d 622, 622-623 [2005]).

While "[a] process server's sworn affidavit of service ordinarily constitutes prima facie evidence of proper service" (*Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343-344 [2003]; *see Deutsche Bank Natl. Trust Co. v Pestano*, 71 AD3d at 1074), where "there is a sworn denial that delivery to the defendant was accomplished, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing" (*Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d at 344; *see Deutsche Bank Natl. Trust Co. v Pestano*, 71 AD3d at 1074-1075; *Wern v D'Alessandro*, 219 AD2d 646 [1995]; *Frankel v Schilling*, 149 AD2d 657 [1989]). Here, the defendant Anna Gansburg (hereinafter the defendant) stated in an affidavit that she did not reside at the address where copies of the summons and complaint were left by the process server, and submitted documents in support of her allegation that she resided elsewhere. Accordingly, a hearing is required to determine whether the defendant was properly served. Thus, the matter must be remitted to the Supreme Court, Rockland County, for such a hearing and a new determination of the defendant's motion thereafter. Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.