■ DIME SAVINGS BANK OF WILLIAMSBURG, Respondent, v 146 ROSS REALTY, LLC, Defendants, and MEYER GOLDBERGER, Appellant. [966 NYS2d 443]—

In an action to foreclose a mortgage, the defendant Meyer Goldberger appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated June 14, 2012, which denied his motion pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale of the same court dated December 6, 2010, entered upon his default in appearing or answering the complaint.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant Meyer Goldberger was properly served with the summons pursuant to CPLR 308 (2), and for a new determination thereafter of his motion to vacate the judgment of foreclosure and sale.

The plaintiff commenced this action to foreclose a mortgage

on certain real property in Brooklyn. An affidavit of service stated that the defendant Meyer Goldberger was served with copies of the summons and complaint by substituted service pursuant to CPLR 308 (2). Specifically, the affidavit of service recited that, on July 7, 2008, copies of the summons and complaint were delivered to Goldberger's mother, a person of suitable age and discretion, at the location that is the subject of this action, which was asserted to be Goldberger's dwelling. The affidavit of service further recites that additional copies were mailed to Goldberger at that address on July 10, 2008. Goldberger neither answered the complaint nor appeared in the action, and the Supreme Court issued a judgment of foreclosure and sale dated December 6, 2010.

The foreclosure sale was scheduled to be held on March 31, 2011. On March 30, 2011, Goldberger filed a petition in bankruptcy under chapter 7 of the United Stated Bankruptcy Code (11 USC § 701 *et seq.*) in the United States Bankruptcy Court for the Eastern District of New York, thereby invoking an automatic stay of the sale. However, the bankruptcy proceeding was subsequently dismissed, and the foreclosure sale was rescheduled.

By order to show cause dated April 26, 2012, Goldberger moved pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale. The Supreme Court erred in determining the motion without first conducting a hearing. Although the process server's affidavit constituted prima facie evidence of proper service, Goldberger's sworn claim that he did not reside at the subject premises, along with his submission of documentary evidence supporting that claim, was sufficient to rebut the prima facie showing, and to necessitate a hearing (*see Toyota Motor Credit Corp. v Lam*, 93 AD3d 713, 714 [2012]; *U.S. Bank, N.A. v Arias*, 85 AD3d 1014, 1016 [2011]). Contrary to the plaintiff's contention, Goldberger is not judicially estopped from seeking vacatur of the judgment as a result of his filing of a bankruptcy petition. Unlike the defendant in *Wells Fargo Bank N.A. v Hornes* (94 AD3d 755 [2012]), Goldberger did not receive a favorable result in the bankruptcy proceeding by taking a position contrary to one he is taking in this action (*see Matter of Edson v Southold Town Zoning Bd. of Appeals*, 102 AD3d 687, 688 [2013]; *Matter of One Beacon Ins. Co. v Espinoza*, 37 AD3d 607, 608 [2007]). Finally, a party who moves to vacate a judgment entered on default on the ground of lack of personal jurisdiction is not required to demonstrate a reasonable excuse for the default or a potentially meritorious defense (*see Toyota Motor Credit Corp. v Lam*, 93 AD3d at 713-714; *Harkless v Reid*, 23 AD3d 622, 622-623 [2005]).

Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a hearing to determine whether Goldberger was properly served with the summons pursuant to CPLR 308 (2), and for a new determination thereafter of his motion to vacate the judgment of foreclosure and sale. Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.