■ In the Matter of MBNA America Bank, N.A., Respondent, v Gary R. Novins, Appellant. [999 NYS2d 121]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Gary R. Novins appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated January 9, 2014, which denied his motion pursuant to CPLR 5015 (a) (4) to vacate a judgment of the same court entered April 13, 2006, granting the petition upon his failure to appear or answer.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine whether personal jurisdiction over Gary R. Novins was obtained in the proceeding, and for a new determination of the motion thereafter.

The appellant moved pursuant to CPLR 5015 (a) (4) to vacate a judgment entered upon his failure to appear or answer, claiming that service of process upon him pursuant to CPLR 308 (2) was defective because a copy of the notice of petition and petition was not delivered to his dwelling place when it was left with a security guard at a security booth in the townhouse complex where he lived. In view of the conflicting affidavits submitted with respect to this issue, the Supreme Court should have conducted a hearing to determine whether the security guard was a person of suitable age and discretion within the contemplation of CPLR 308 (2), and if the outer bounds of the appellant's dwelling place extended to the security booth (*see Braun v St. Vincent's Hosp. & Med. Ctr.*, 57 NY2d 909, 910 [1982]; *F.I. duPont, Glore Forgan & Co. v Chen*, 41 NY2d 794, 797 [1977]; *DeStaso v Bottiglieri*, 52 AD3d 453, 454 [2008]). Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a hearing on the issue of whether the appellant was properly served with process (*see DeStaso v Bottiglieri*, 52 AD3d

at 454; *Campbell v Johnson*, 264 AD2d 461 [1999]; *Akhtar v Cavalieri*, 255 AD2d 275 [1998]), and a new determination of the motion thereafter. Dillon, J.P., Dickerson, Roman and Sgroi, JJ., concur.