■ CITIBANK, N.A., Respondent, v DON BALSAMO et al., Appellants, et al., Defendants. [41 NYS3d 744]—

In an action to foreclosure a mortgage, the defendants Don
Balsamo and Janet L. Balsamo appeal from an order of the
Supreme Court, Nassau County (Adams, J.), entered November
4, 2015, which denied their motion pursuant to CPLR 3211 (a)
(8) to dismiss the complaint insofar as asserted against them
for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs,
and the matter is remitted to the Supreme Court, Nassau
County, for a hearing to determine whether personal jurisdic-
tion over the defendants Don Balsamo and Janet L. Balsamo
was obtained in the action, and for a new determination of the
motion thereafter.

The Supreme Court erred in denying the motion of the de-
fendants Don Balsamo and Janet L. Balsamo (hereinafter
together the defendants) pursuant to CPLR 3211 (a) (8) to
dismiss the complaint insofar as asserted against them for lack
of personal jurisdiction without conducting a hearing. "CPLR
308 (2) authorizes service, inter alia, by delivery of the sum-
mons and complaint within the State to a person of suitable
age and discretion at the defendant's dwelling place and mail-
ing the summons to the defendant's last known residence"
(*Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343 [2003];
*see Frankel v Schilling*, 149 AD2d 657, 659 [1989]). "Ordinarily,
a process server's affidavit of service constitutes prima facie
evidence that the defendant was validly served" (*U.S. Bank,
N.A. v Peralta*, 142 AD3d 988, 988 [2016]; *see U.S. Bank, N.A.
v Tauber*, 140 AD3d 1154, 1155 [2016]). "However, when a de-
fendant submits a sworn denial of receipt of service containing
specific facts to refute the statements in the affidavit of the
process server, the prima facie showing is rebutted and the
plaintiff must establish personal jurisdiction by a preponder-
ance of the evidence at a hearing" (*U.S. Bank, N.A. v Peralta*,
142 AD3d at 988-989; *see U.S. Bank, N.A. v Tauber*, 140 AD3d
at 1155; *Matter of MBNA Am. Bank, N.A. v Novins*, 123 AD3d
832, 832 [2014]). "A hearing is not required where the defend-
ant fails to 'swear to specific facts to rebut the statements in
the process server's affidavits' " (*U.S. Bank, N.A. v Peralta*, 142
AD3d at 989, quoting *Simonds v Grobman*, 277 AD2d 369, 370
[2000]).

Here, the plaintiff's affidavits of service constituted prima facie proof of proper service upon the defendants (*see Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d at 344). The plaintiff's process server averred that he was denied entry to the defendants' condominium complex "by [the] defendant[s]," and that he, therefore, left the summons and complaint with "JOHN DOE (NAME REFUSED), SECURITY GUARD." "[I]f a process server is not permitted to proceed to the actual apartment by the doorman or some other employee, the outer bounds of the actual dwelling place must be deemed to extend to the location at which the process server's progress is arrested" (*F.I. duPont, Glore Forgan & Co. v Chen*, 41 NY2d 794, 797 [1977]; *see Bank of Am., N.A. v Grufferman*, 117 AD3d 508, 508 [2014]; Siegel, NY Prac § 72 [5th ed 2011]).

However, the defendants rebutted the process server's affidavit of service through their specific and detailed averments that they never received the summons and complaint, that they never denied access to a delivery person or received a call to authorize a delivery on the date in question or on any other day, and that the security guards are not authorized to receive packages or deliveries (*see Matter of MBNA Am. Bank, N.A. v Novins*, 123 AD3d 832 [2014]). Under these circumstances, the Supreme Court should have conducted a hearing to determine whether the security guard was a person of suitable age and discretion within the contemplation of CPLR 308 (2), and if the outer bounds of the defendants' dwelling place extended to the security office (*see id.* at 832; *cf. F.I. duPont, Glore Forgan & Co. v Chen*, 41 NY2d at 797; *Costine v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 173 AD2d 422 [1991]).

Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing on the issue of whether the defendants were properly served with process (*see Campbell v Johnson*, 264 AD2d 461 [1999]; *Akhtar v Cavalieri*, 255 AD2d 275 [1998]), and a new determination of the motion thereafter. Hall, J.P., Sgroi, Barros and Connolly, JJ., concur.