■ EMIGRANT BANK, Respondent, v ELVISTON RAMASIR, Also Known as ELVISTON R. RAMASIR, Appellant, et al., Defendants. [44 NYS3d 100]—

In an action to foreclose a mortgage, the defendant Elviston Ramasir, also known as Elviston R. Ramasir, appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered May 11, 2015, as denied that branch of his motion which was pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale of the same court dated June 10, 2015, entered upon his failure to appear or answer the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine whether personal jurisdiction was obtained over the defendant

Elviston Ramasir, also known as Elviston R. Ramasir, in the action, and thereafter for a new determination of the branch of his motion which was pursuant to CPLR 5015 (a) (4); and it is further,

Ordered that pending the hearing and determination of that branch of the motion, the temporary restraining order dated January 22, 2015, issued by the Supreme Court is reinstated (*see Coizza v 164-50 Crossbay Realty Corp.*, 37 AD3d 640, 641 [2007]).

The Supreme Court erred in denying the branch of the motion of the defendant Elviston Ramasir, also known as Elviston R. Ramasir (hereinafter the defendant) which was pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale dated June 10, 2015, without conducting a hearing. "Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (*Wells Fargo Bank, NA v Chaplin*, 65 AD3d 588, 589 [2009]; *see Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343-344 [2003]; *Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d 896, 897 [2013]). "However, when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing" (*U.S. Bank, N.A. v Peralta*, 142 AD3d 988, 988-989 [2016]; *see Citibank, N.A. v Balsamo*, 144 AD3d 964 [2d Dept 2016]; *U.S. Bank, N.A. v Tauber*, 140 AD3d 1154, 1155 [2016]). "A hearing is not required where the defendant fails to 'swear to specific facts to rebut the statements in the process server's affidavits' " (*U.S. Bank, N.A. v Peralta*, 142 AD3d at 989, quoting *Simonds v Grobman*, 277 AD2d 369, 370 [2000]).

Here, the defendant rebutted the presumption of proper service created by the plaintiff's affidavit of service through his detailed averments that he was an inmate in federal custody at the time that service was allegedly made upon him pursuant to CPLR 308 (1) at a business address in Brooklyn, entitling him to a hearing on the issue of whether personal jurisdiction was obtained over him in the action (*see Lazarre v Davis*, 109 AD3d 968, 969 [2013]; *Wells Fargo Bank, NA v Chaplin*, 65 AD3d at 589-590). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine whether personal jurisdiction was obtained over the defendant (*see Campbell v Johnson*, 264 AD2d 461 [1999]; *Akhtar v Cavalieri*, 255 AD2d 275 [1998]), and a new determi-

nation thereafter of the branch of his motion which was to vacate the judgment of foreclosure and sale pursuant to CPLR 5015 (a) (4). Balkin, J.P., Dickerson, LaSalle and Connolly, JJ., concur.