(December 28, 2016)

■ BANK OF AMERICA, N.A., Successor by Merger to BAC HOME LOANS SERVICING, L.P., Formerly Known as COUNTRYWIDE HOME LOANS SERVICING, LP, Respondent, v RICHARD TOBING, Appellant, et al., Defendants. [45 NYS3d 133]—

In an action pursuant to RPAPL article 15 to vacate a satisfaction of mortgage dated December 27, 2010, the defendant Richard Tobing appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated April 17, 2014, as denied, without a hearing, that branch of his cross motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction based on improper service of process.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Richmond County, for a hearing on the issue of whether the defendant Richard Tobing was properly served with process pursuant to CPLR 308 (2), and a new determination thereafter of that branch of his cross motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction based on improper service of process.

The plaintiff commenced this action to vacate a satisfaction of mortgage which allegedly was erroneously issued in favor of the defendant mortgagor, Richard Tobing, in 2010. According to the process server's affidavit of service, the summons and complaint in the action were served upon Tobing by leaving them with Mirna Blanco, who was described as Tobing's "coresident," at Tobing's dwelling place/usual place of abode in Staten Island on May 4, 2013. During the ensuing motion practice between the parties, Tobing cross-moved, inter alia,

pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him on the ground that he was not properly served with process. The Supreme Court denied that branch of the cross motion without a hearing. We reverse insofar as appealed from.

Ordinarily, the affidavit of a process server constitutes prima facie evidence that the defendant was validly served (*see American Home Mtge. Servicing, Inc. v Gbede*, 127 AD3d 1004 [2015]; *Velez v Forcelli*, 125 AD3d 643, 644 [2015]). "While bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing" (*Wachovia Bank, N.A. v Greenberg*, 138 AD3d 984, 985 [2016] [citations omitted]; *see Teitelbaum v North Shore-Long Is. Jewish Health Sys., Inc.*, 123 AD3d 1006, 1007 [2014]; *Machovec v Svoboda*, 120 AD3d 772, 773 [2014]; *Dime Sav. Bank of Williamsburg v 146 Ross Realty, LLC*, 106 AD3d 863, 864 [2013]).

Here, Tobing rebutted the presumption of valid service arising from the process server's affidavit by submitting his own specific, factually detailed, sworn affidavit in which he denied residing at the subject address in Staten Island and averred that he had resided at a different address in Staten Island at all relevant times. He also noted that the satisfaction of mortgage which the plaintiff sought to vacate listed the address where he claimed to reside at all relevant times. Additionally, Tobing's affidavit averred that Mirna Blanco was his tenant, and that she does not reside with him. Under these circumstances, a hearing on the issue of whether Tobing was properly served was warranted (*see Wachovia Bank, N.A. v Greenberg*, 138 AD3d at 985; *Edwards, Angell, Palmer & Dodge, LLP v Gerschman*, 116 AD3d 824, 825-826 [2014]; *Deutsche Bank Natl. Trust Co. v DaCosta*, 97 AD3d 630, 632 [2012]; *U.S. Bank, N.A. v Arias*, 85 AD3d 1014, 1016 [2011]; *Wells Fargo Bank, N.A. v Christie*, 83 AD3d 824, 825 [2011]; *Deutsche Bank Natl. Trust Co. v Pestano*, 71 AD3d 1074, 1075 [2010]). Rivera, J.P., Chambers, Roman and Brathwaite Nelson, JJ., concur.