■ Wells Fargo Bank, National Association, Respondent, v Donna Ferrato, Appellant, et al., Defendants. [55 NYS3d 191]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered July 8, 2015, which denied defendant Ferrato's motion to dismiss the complaint for lack of personal jurisdiction, unanimously modified, on the law, and the motion granted to the extent of directing that, in the event plaintiff moves to restore the matter to the calendar, the matter be referred for a traverse hearing, and otherwise affirmed, without costs.

Plaintiff's process server attempted to serve defendant at her apartment, which was a loft accessed directly from an elevator. The process server averred that a woman was standing inside holding a baby and a party was in progress, so he dropped the papers. Denying that service was properly made pursuant to CPLR 308 (2), plaintiff submitted the affidavit of a woman who stated that she was at the entrance to the apartment and holding a baby at the time specified by the process server, but that he never identified himself, did not ask her to take the papers, did not attempt to gain access, and did not hand any papers to her or drop papers near her. Instead, the elevator door closed with the process server and the papers still inside.

Under this version of the events, service was not properly made pursuant to CPLR 308 (2). While plaintiff argued that the "outer bounds" of defendant's dwelling extended to include the elevator, it did not establish either that its process server was not permitted to proceed or that service was made upon "a person of suitable age and discretion" (*see F.I. duPont, Glore Forgan & Co. v Chen*, 41 NY2d 794, 797 [1977]). Further, since plaintiff did not establish that service was refused upon the process server informing the person at the apartment that service was being made by leaving a copy of the summons outside the door (inside the elevator) of the person to be served, plaintiff did not demonstrate that the process server made the person aware that such service was being made (*Bossuk v Steinberg*, 58 NY2d 916, 918 [1983]). In light of the factual issues as to the validity of service, the threshold issue of personal service should have been resolved with a traverse hearing (*see NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz*, 7 AD3d 459 [1st Dept 2004]). Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels and Webber, JJ.