Deutsche Bank Natl. Trust Co. v Stolzberg (2018 NY Slip Op 06513)





Deutsche Bank Natl. Trust Co. v Stolzberg


2018 NY Slip Op 06513


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-07868
 (Index No. 1422/08)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Aryeh Stolzberg, appellant, et al., defendants.


Alexander T. Singer, Brooklyn, NY, for appellant.
Leopold & Associates (Greenberg Traurig, LLP, New York, NY [Shane M. Biffar and Marissa Banez], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Aryeh Stolzberg appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated June 14, 2016. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate an order of reference dated October 13, 2009, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction or, in the alternative, pursuant to CPLR 317 to vacate his default in appearing or answering the complaint and for leave to interpose an answer.
ORDERED that the order dated June 14, 2016, is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant Aryeh Stolzberg was properly served with process and for a new determination thereafter of those branches of his motion which were pursuant to CPLR 5015(a)(4) to vacate the order of reference dated October 13, 2009, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction or, in the alternative, pursuant to CPLR 317 to vacate his default in appearing or answering the complaint and for leave to interpose an answer.
In January 2008, this action to foreclose a mortgage was commenced against the defendant Aryeh Stolzberg (hereinafter the defendant), among others. The defendant neither appeared nor answered the complaint. By assignment of mortgage dated October 30, 2008, the mortgage was assigned to the plaintiff. In an order dated October 13, 2009 (hereinafter the order of reference), the Supreme Court, inter alia, granted the plaintiff's motion for leave to enter a default judgment and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan.
In April 2015, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order of reference and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction or, in the alternative, pursuant to CPLR 317 to vacate his default in failing to appear or answer the complaint and for leave to interpose an answer. In the order appealed from, the Supreme Court denied the motion in its entirety. The defendant appeals from so much of the order as denied those branches of his motion which were pursuant to CPLR 5015(a)(4) to vacate the [*2]order of reference and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction or, in the alternative, pursuant to CPLR 317 to vacate his default in appearing or answering the complaint and for leave to interpose an answer.
"A process server's affidavit of service gives rise to a presumption of proper service" (Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776; see Citibank, N.A. v Balsamo, 144 AD3d 964, 964). " Bare and unsubstantiated denials are insufficient to rebut the presumption of service'" (HSBC Bank USA, N.A. v Archibong, 157 AD3d 662, 662-663, quoting Rosemark Contrs., Inc. v Ness, 149 AD3d 1115, 1116). However, "[a] sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit will defeat the presumption of proper service" (Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d at 776-777; see Citibank, N.A. v Balsamo, 144 AD3d at 964; Frankel v Schilling, 149 AD2d 657, 659).
Here, the process server's affidavit set forth that substituted service pursuant to CPLR 308(4) was made at the defendant's "[r]esidence within the state," listed as an address on 54th Street in Brooklyn (hereinafter the 54th Street address), by affixing a copy of the summons and complaint there on January 17, 2008, at 8:27 a.m., after three prior unsuccessful attempts to effect service there on January 14, 2008, at 9:03 p.m., January 15, 2008, at 7:48 a.m., and January 16, 2008, at 1:37 p.m., and by mailing a copy of the summons and complaint to the 54th Street address on January 23, 2008.
In opposition, the defendant averred, inter alia, that the 54th Street address was not his residential address at the time of the alleged service, and that his residence, at all relevant times, was located at a different address on 53rd Street in Brooklyn (hereinafter the 53rd Street address). He further averred that no attempt was ever made to serve him at the 53rd Street address. Moreover, the defendant produced documentary evidence showing that the 53rd Street address was known to the plaintiff, since it was listed in the mortgage documents as the defendant's address.
Contrary to the plaintiff's contention, the defendant established his entitlement to a hearing on the issue of service (see Bank of Am., N.A. v Tobing, 145 AD3d 941, 942; Edwards, Angell, Palmer & Dodge, LLP v Gerschman, 116 AD3d 824, 825-826; Dime Sav. Bank of Williamsburg v 146 Ross Realty, LLC, 106 AD3d 863, 864; Toyota Motor Credit Corp. v Lam, 93 AD3d 713, 714; U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1015-1016).
Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing to determine whether service of process was properly effected on the defendant, and for a new determination thereafter of those branches of his motion which were pursuant to CPLR 5015(a)(4) to vacate the order of reference and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction or, in the alternative, pursuant to CPLR 317 to vacate his default in appearing or answering the complaint and for leave to interpose an answer.
DILLON, J.P., CHAMBERS, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court