Wells Fargo Bank, NA v Tobing (2019 NY Slip Op 06430)





Wells Fargo Bank, NA v Tobing


2019 NY Slip Op 06430


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-03093
 (Index No. 102994/08)

[*1]Wells Fargo Bank, NA, etc., respondent,
v
Sylvia Tobing, appellant, et al., defendants.


Law Office of Nicholas M. Moccia, P.C., Staten Island, NY, for appellant.
Sandelands Eyet LLP, New York, NY (Kathleen Cavanaugh of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sylvia Tobing appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated February 8, 2017. The order granted the plaintiff's motion for leave to reargue its opposition to the prior motion of the defendant Sylvia Tobing, inter alia, pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court (John A. Fusco, J.) dated September 15, 2009, entered upon her failure to appear or answer the complaint, and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, which had been determined in an order of the same court (John A. Fusco, J.) dated January 13, 2012, and, upon reargument, vacated the order dated January 13, 2012, and thereupon denied that defendant's prior motion.
ORDERED that the order dated February 8, 2017, is modified, on the law, by deleting the provision thereof, upon reargument, denying the motion of the defendant Sylvia Tobing, inter alia, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her; as so modified, the order dated February 8, 2017, is affirmed, with costs to the defendant Sylvia Tobing, and the matter is remitted to the Supreme Court, Richmond County, for a hearing to determine whether the defendant Sylvia Tobing was properly served with process, and thereafter a new determination of that defendant's prior motion.
In July 2008, the plaintiff commenced this residential mortgage foreclosure action against the defendant Sylvia Tobing (hereinafter the defendant), among others. The defendant was allegedly served by "nail and mail" service pursuant to CPLR 308(4), but failed to appear or answer the complaint. Accordingly, on September 15, 2009, the Supreme Court issued a default judgment of foreclosure and sale.
On November 30, 2009, the defendant appeared in the action and moved by order to show cause to stay the foreclosure sale of the property on the ground that she was not properly served with the summons and complaint. In an order dated February 22, 2010, the Supreme Court granted the motion and stayed the proceedings until further order of the court. Thereafter, the defendant moved pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale or, in the alternative, pursuant to CPLR 317 to vacate her default in appearing or answering the complaint, and [*2]pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her on the grounds, inter alia, of lack of personal jurisdiction and lack of standing. In an order dated January 13, 2012, the court determined that the plaintiff lacked standing to commence the action and granted that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against her for lack of standing. The court did not address the issue of whether the defendant's default in appearing or answering should be vacated, and denied the remaining branches of the defendant's motion as academic.
In July 2016, the plaintiff moved for leave to reargue its opposition to the defendant's prior motion. In an order dated February 8, 2017, the Supreme Court granted reargument based upon its determination that it had misapprehended the law when it granted that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against her for lack of standing. Upon reargument, the court determined that the plaintiff established its standing to commence the action and, in any event, the defendant waived the defense of lack of standing, having failed to assert it in an answer or timely pre-answer motion to dismiss. The court vacated the order dated January 13, 2012, and denied the defendant's prior motion. The defendant appeals.
Initially, we agree with the Supreme Court's determination to grant reargument, however for a different reason than that stated by the court. The court should have granted reargument on the ground that it misapprehended the law when it considered and determined that branch of the defendant's motion which was to dismiss the complaint, without first considering and determining those branches of the motion which were to vacate her default in appearing or answering the complaint. It was procedurally improper for the court to reach the merits of that branch of the motion which was to dismiss based upon lack of standing without first determining whether the defendant's default in appearing or answering the complaint should be vacated, and if so, whether the defendant should be allowed an opportunity to serve an answer.
"A process server's affidavit of service gives rise to a presumption of proper service" (Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776; see Citibank, N.A. v Balsamo, 144 AD3d 964, 964). " Bare and unsubstantiated denials are insufficient to rebut the presumption of service'" (HSBC Bank USA, N.A. v Archibong, 157 AD3d 662, 662-663, quoting Rosemark Contrs., Inc. v Ness, 149 AD3d 1115, 1116). However, "[a] sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit will defeat the presumption of proper service" (Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d at 776-777; see Citibank, N.A. v Balsamo, 144 AD3d at 964; Frankel v Schilling, 149 AD2d 657, 659).
Here, the process server's affidavit set forth that substituted service pursuant to CPLR 308(4) was made at the defendant's "RESIDENCE within the state," listed as an address at 78 Mill Pond Road, Jackson, New Jersey (hereinafter the New Jersey address), by affixing a copy of the summons and complaint there on August 6, 2008, at 12:20 p.m., after four prior unsuccessful attempts to effect service there on July 29, 2008, at 7:40 p.m., July 30, 2008, at 7:58 a.m., July 30, 2008, at 10:30 a.m., and August 2, 2008, at 4:45 p.m., and by mailing a copy of the summons and complaint to the New Jersey address on August 6, 2008.
In opposition, the defendant rebutted the presumption of valid service by the submission of an affidavit in which she averred that the New Jersey address was not her residential address, and that her residence was located at 217 Oakwood Avenue, Staten Island, New York. She further averred that she had no knowledge of anyone being served on her behalf, that she did not receive the summons and complaint, and that she was unaware that a judgment of foreclosure and sale had been granted until she read about it on the Internet. Under these circumstances, a hearing on the issue of whether the defendant was properly served was warranted (see Deutsche Bank Natl. Trust Co. v Stolzberg, 165 AD3d 624, 626; Bank of Am., N.A. v Tobing, 145 AD3d 941, 942; Edwards, Angell, Palmer & Dodge, LLP v Gershman, 116 AD3d 824, 825-826; Dime Sav. Bank of Williamsburg v 146 Ross Realty, LLC, 106 AD3d 863, 864; Toyota Motor Credit Corp. v Lam, 93 AD3d 713, 714; U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1015-1016).
Accordingly, we remit the matter to the Supreme Court, Richmond County, for a [*3]hearing to determine whether the defendant was properly served with process, and thereafter a new determination of the defendant's motion.
LEVENTHAL, J.P., LASALLE, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court