Citibank, N.A. v Balsamo (2019 NY Slip Op 07233)





Citibank, N.A. v Balsamo


2019 NY Slip Op 07233


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-10985
 (Index No. 10074/12)

[*1]Citibank, N.A., etc., respondent, 
v
Don Balsamo, et al., appellants, et al., defendants.


Zimmerman Law, P.C., Huntington Station, NY (Naomi Trainer of counsel), for appellants.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Phionah Brown of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Don Balsamo and Janet L. Balsamo appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated June 12, 2017. The order granted the plaintiff's motion pursuant to CPLR 306-b to extend its time to serve the defendants Don Balsamo and Janet L. Balsamo with the summons and complaint.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion pursuant to CPLR 306-b to extend its time to serve the defendants Don Balsamo and Janet L. Balsamo with the summons and complaint is denied, without prejudice to renew, following a hearing on the issue of whether the defendants Don Balsamo and Janet L. Balsamo were properly served with process, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of whether the defendants Don Balsamo and Janet L. Balsamo were properly served with process and thereafter a new determination of those defendants' motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
By summons and complaint dated May 25, 2012, the plaintiff commenced this action to foreclose a mortgage. The defendants Don Balsamo and Janet L. Balsamo (hereinafter together the defendants) were purportedly served pursuant to CPLR 308(2) by leaving copies of the summons and complaint with a security guard at the condominium complex where they resided on August 15, 2012, and by mailing additional copies to such residence on August 20, 2012. By order to show cause dated May 12, 2014, the defendants moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. The defendants' motion was denied by order entered November 4, 2015. In a prior appeal, this Court reversed the November 4, 2015, order and remitted the matter to the Supreme Court for a hearing to determine whether personal jurisdiction was obtained over the defendants (see Citibank, N.A. v Balsamo, 144 AD3d 964).
By notice of motion dated February 6, 2017, the plaintiff moved pursuant to CPLR 306-b to extend its time to serve the defendants with the summons and complaint. Without conducting a hearing on the issue of service, in an order dated June 12, 2017, the Supreme Court granted the plaintiff's motion and deemed the summons and complaint served upon the defendants [*2]nunc pro tunc.
The Supreme Court should not have granted the plaintiff's motion to extend its time to serve the defendants with process without first conducting a hearing on the issue of service as was directed by our determination on the prior appeal (see Citibank, N.A. v Balsamo, 144 AD3d 964). The issue of whether the plaintiff should be granted an extension of time to serve the defendants was premature, since the court, upon remittal, failed to hold a hearing and determine the validity of service of process (see Wilbyfont v New York Presbyt. Hosp., 131 AD3d 605, 606; see e.g. Mizerek v Rosenfeld, 162 AD3d 1005). Accordingly, we again remit the matter to the Supreme Court, Nassau County, for a hearing in accordance with this Court's prior decision (see Citibank, N.A. v Balsamo, 144 AD3d 964) to determine whether the defendants were properly served with process pursuant to CPLR 308(2) and, thereafter, a new determination of their motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them.
MASTRO, J.P., BALKIN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court