Edwards-Blackburn v City of New York (2020 NY Slip Op 01907)





Edwards-Blackburn v City of New York


2020 NY Slip Op 01907


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-08656 
2018-08657
2018-08658
 (Index No. 514710/15)

[*1]Ann Edwards-Blackburn, respondent,
v
City of New York, et al., defendants, Sarah H. Freeman, appellant.


Freeman & Associates, LLP, Brooklyn, NY (Aldric Freeman of counsel), for appellant.
Richard Paul Stone, New York, NY, for respondent.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant Sarah H. Freeman appeals from (1) an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated March 16, 2018, (2) an order of the same court dated May 25, 2018, and (3) an order of the same court, also dated May 25, 2018. The order dated March 16, 2018, insofar as appealed from, directed that "traverse is denied with respect to service on Defendant Sarah Freeman" and precluded that defendant from raising any jurisdictional defenses in her answer. The first order dated May 25, 2018, denied that defendant's motion (a), in effect, for leave to reargue, (b), in effect, to vacate the determinations in the order dated March 16, 2018, directing that "traverse is denied with respect to service on Defendant Sarah Freeman" and precluding her from raising any jurisdictional defenses in her answer, and (c) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The second order dated May 25, 2018, struck the affirmative defense of lack of personal jurisdiction from that defendant's answer.
ORDERED that the appeals from the order dated March 16, 2018, and the second order dated May 25, 2018, are dismissed, as no appeals lie as of right from orders, or portions thereof, that do not decide motions made on notice (see CPLR 5701[a][2]), and we decline to grant leave to appeal, as the appeals from those orders have been rendered academic in light of our determination on the appeal from the first order dated May 25, 2018; and it is further,
ORDERED that the appeal from so much of the first order dated May 25, 2018, as denied that branch of the motion of the defendant Sarah H. Freeman which was, in effect, for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the first order dated May 25, 2018, is reversed insofar as reviewed, on the law, that branch of the motion of the defendant Sarah H. Freeman which was, in effect, to vacate the determinations in the order dated March 16, 2018, directing that "traverse is denied with [*2]respect to service on Defendant Sarah Freeman" and precluding her from raising any jurisdictional defenses in her answer is granted, those provisions of the order dated March 16, 2018, are vacated, the second order dated May 25, 2018, is vacated, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant Sarah H. Freeman was properly served with process pursuant to CPLR 308(2), and thereafter, a new determination of that branch of that defendant's motion which was to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
In December 2015, the plaintiff commenced this action against the City of New York to recover damages for injuries allegedly sustained when she tripped and fell on a sidewalk. A subsequently commenced action against the defendant Sarah H. Freeman and another defendant was consolidated with the action against the City in July 2017. By notice of motion dated February 20, 2018, the plaintiff moved for leave to enter a default judgment against Freeman based on her failure to answer the complaint. In an order dated March 16, 2018, the Supreme Court, after oral argument on the plaintiff's motion, granted Freeman 30 days to interpose an answer, but denied "traverse," i.e., a hearing to determine the validity of service of process, and precluded Freeman from interposing any jurisdictional defense in her answer. Thereafter, Freeman moved, inter alia, to vacate the determinations in the order dated March 16, 2018, denying a hearing to determine the validity of service of process and precluding her from raising any jurisdictional defense in her answer, and to dismiss the complaint for lack of personal jurisdiction on the ground that she was not properly served with the summons and complaint pursuant to CPLR 308(2). In an order dated May 25, 2018, the court denied Freeman's motion. In another order, also dated May 25, 2018, the court struck Freeman's affirmative defense of lack of personal jurisdiction, which she had asserted in an answer that she filed and served on April 14, 2018.
We disagree with the Supreme Court's denial of that branch of Freeman's motion which was to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction without conducting a hearing to determine the validity of service of process. The plaintiff asserted that service of process was properly made pursuant to CPLR 308(2), relying on an affidavit of service indicating that service upon Freeman was effected by delivering the summons and complaint to a "doorman" in the apartment building where Freeman resided and by subsequently mailing the summons and complaint to Freeman (see CPLR 308[2]). While the affidavit of service constituted prima facie evidence of service of the summons and complaint pursuant to CPLR 308(2) (see Nationstar Mtge. LLC v Kamil, 155 AD3d 966), the evidence submitted by Freeman in support of her motion, inter alia, to dismiss the complaint sufficiently rebutted the presumption of proper service to warrant a hearing. Freeman's submissions included specific and detailed averments, as well as the affidavit of a security guard who worked in Freeman's apartment building. The security guard averred that the summons and complaint were delivered to him at his desk on March 21, 2017, but that he was not authorized to receive packages or deliveries, that he did not deny the process server access to Freeman's apartment, and that he did not inform Freeman of the delivery. Under these circumstances, the court should have conducted a hearing to determine whether the security guard was a person of suitable age and discretion within the meaning of CPLR 308(2), and whether the outer bounds of Freeman's dwelling place extended to the security guard's desk in her apartment building (see F.I. duPont, Glore Forgan & Co. v Chen, 41 NY2d 794; Wells Fargo Bank N.A. v Ferrato, 150 AD3d 546; Citibank, N.A. v Balsamo, 144 AD3d 964; Matter of MBNA Am. Bank, N.A. v Novins, 123 AD3d 832; Bank of Am., N.A. v Grufferman, 117 AD3d 508).
Accordingly, we reverse the first order dated May 25, 2018, insofar as reviewed, vacate the determinations in the order dated March 16, 2018, denying a hearing to determine the validity of service of process and precluding Freeman from raising any jurisdictional defenses in her answer, vacate the second order dated May 25, 2018, and remit the matter to the Supreme Court, Kings County, for a hearing to determine whether Freeman was properly served with process pursuant to CPLR 308(2), and thereafter, a new determination of that branch of Freeman's motion which was to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court