Chen v Rodrigo (2024 NY Slip Op 51099(U))

[*1]

Chen v Rodrigo

2024 NY Slip Op 51099(U)

Decided on August 26, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 26, 2024
Supreme Court, Kings County

Halland Chen, Plaintiff,

against
Dee Rodrigo, an individual; EXOD ARCH INC., "RAJ" FINANCIAL MANAGER AT EXOD ARCH INC., Defendants.

Index No. 527007/2021

Furgang & Adwar, LLP, New York City (Armando Llorens of counsel), for plaintiff.
Altschul & Altschul, New York City (Cory S. Dworken of counsel), for defendants.

Aaron D. Maslow, J.

The following numbered papers were used on these motions:
Submitted by Plaintiff
NYSCEF Doc No. 14 (MS 2): Notice of motion [FN1]

NYSCEF Doc No. 15 (MS 2): Affirmation of Ashley Cohen, Esq., Mar. 29, 2022
NYSCEF Doc No. 16 (MS 2): Exhibit A — Summons & complaint
NYSCEF Doc No. 17 (MS 2): Exhibit B — Answer
NYSCEF Doc No. 18 (MS 2): Exhibit C — Proposed order
NYSCEF Doc No. 24 (MS 3): Affirmation of Ashley Cohen, Esq., Sept. 12, 2022
Submitted by Defendants
NYSCEF Doc No. 19 (MS 3): Notice of cross-motion
NYSCEF Doc No. 20 (MS 3): Affirmation of Mark M. Altschul, Esq., Apr. 11, 2022
NYSCEF Doc No. 21 (MS 3): Exhibit 1 — Stipulation
NYSCEF Doc No. 22 (MS 3): Exhibit 2 — Affirmation of Mark M. Altschul, Esq., Mar. 11, 2022
NYSCEF Doc No. 23 (MS 3): Exhibit 3 — Affidavits of Service
NYSCEF Doc No. 25 (MS 3): Reply affirmation of Mark M. Altschul, Esq., May 1, 2023
NYSCEF Doc No. 33 (MS 3): AI affirmation
Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within motion is determined as follows.
I. Questions Presented
Is service of a summons and complaint made to a doorman of a building acceptable service?
II. Background
This action was commenced by Plaintiff, who allegedly had entered into an agreement with Defendants on July 12, 2019. Plaintiff has claimed that he loaned Defendants the sum of $125,000 which was to be paid back with 12% interest by October 10, 2019. However, no payments were made by Defendants, causing Plaintiff to bring suit alleging that there was a breach of contract on the Defendants' part. Defendants, however, have made a motion to dismiss the complaint pursuant to CPLR 3211 on the ground that the summons and complaint were not served properly. Service was made to Sal "Doe," the doorman of their building ("Sal the Doorman"), rather than the papers being physically served on Defendants, according to the affidavits of service. Then, the summons and complaint were also mailed by first-class mail to Defendants Dee Rodrigo and "Raj" Financial Manager at Exod Arch Inc.
The process server, Mohammed Al-Atrash, alleged he was denied entry into the building: "Person refused to allow your deponent access into said building" (NYSCEF Doc No. 23). Instead, the papers were left with Sal the Doorman. Defendants claim that the service to the doorman was not an acceptable form of service and thus not in compliance with the CPLR.
III. Discussion
The service made to the natural person Defendants, Dee Rodrigo and "Raj" Financial Manager at Exod Arch Inc., through Sal the Doorman is proved to be an appropriate form of service. CPLR 308 (2) states that the service may be made to "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served. . . ." In accordance with CPLR 308 (2), the doorman would be considered a "person of suitable age and discretion" and this service was made to the last "dwelling place or usual place of abode" of these Defendants; this was followed up with mailing by first-class mail, as per CPLR 308 (2). Additionally, these Defendants have not submitted any affidavit claiming that their doorman was not "a person of suitable age or discretion," nor have they asserted that they did not reside at the address where service was made.
It can also be pointed out that the duties of a regular building doorman are "to screen [*2]callers, to announce visitors and to accept messages and packages for delivery to the tenants" (F. I. duPont, Glore Forgan & Co. v Chen, 41 NY2d 794, 797 [1977]). There is nothing to suggest "that the duties of this particular doorman were other than those of the regular apartment house doorman," thus rendering him " 'a person of suitable age and discretion' within the contemplation of subdivision 2 of section 308" who could be entrusted to deliver the papers to Defendants (id.).
It should also be noted that Defendants never submitted an affidavit to the effect that they did not receive the summons and complaint, so receipt is to be presumed.
"If a process server is not permitted to proceed to the actual apartment by the doorman or some other employee, the outer bounds of the actual dwelling place must be deemed to extend to the location at which the process server's progress is arrested" (Citibank N.A. v Balsamo, 144 AD3d 964, 965 [2d Dept 2016], citing F.I. duPont, Glore Forgan & Co. v Chen, 41 NY2d at 797). Even though the entrance of the building may not technically be the "dwelling place" of Defendants, due to the doorman denying access to their apartment to the process server, the "dwelling place" of Defendants will extend to the entrance of the apartment, permitting the process server to leave the summons and complaint with the doorman.
Service of the summons and complaint on Sal the Doorman was legally sufficient despite the process server's use of "Doe" as Sal the Doorman's last name, and a hearing is not required where, as here, the defendants failed to swear to specific facts to rebut those in the process server's affidavit (see Citibank N.A. v Balsamo, 144 AD3d 964). The process server's affidavit constituted prima facie proof of proper service (see id.).
Although service through the doorman was acceptable for the natural person Defendants, it was not an acceptable means for serving the corporate Defendant, Exod Arch Inc. There was no sort of proof that Sal the Doorman was " 'an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service' on behalf of the corporation" (Bezoza v Bezoza, 83 AD3d 578, 579 [1st Dept 2011]). Despite being able to serve Defendants Dee Rodrigo and "Raj" Financial Manager at Exod Arch Inc. through Sal the Doorman, the process server had to have taken different steps to serve the corporation, Exod Arch Inc. (see CPLR 311 [a] [1]; Business Corporation Law § 306), rendering the service of the summons and complaint for Defendant Exod Arch Inc. defective.
IV. Conclusion
Accordingly, IT IS HEREBY ORDERED that Defendants' motion for dismissal of the complaint on the ground of improper service is DENIED regarding the service on Defendants Dee Rodrigo and "Raj" Financial Manager at Exod Arch Inc., and is GRANTED in regard to the service on Defendant Exod Arch Inc. The Clerk shall enter judgment dismissing the complaint against Exod Arch Inc. upon submission to it by said Defendant of a proper judgment.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court

Footnotes

Footnote 1:Motion Sequence 2 was withdrawn by plaintiff. Documents filed under that motion sequence number are considered to the extent they relate to Motion Sequence 3.