A to Z Supply Servs., Inc. v 21st Century Ins. Co. (2025 NY Slip Op 51887(U))

[*1]

A to Z Supply Servs., Inc. v 21st Century Ins. Co.

2025 NY Slip Op 51887(U)

Decided on November 25, 2025

Civil Court Of The City Of New York, Kings County

Roper, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 25, 2025
Civil Court of the City of New York, Kings County

A to Z Supply Services, Inc., A/A/O DAVIS, STEPHANIE S, Plaintiff,

against
21st Century Insurance Company, Defendant.

Index No. CV-753469-21/KI

The Rybak Firm PLLC, Brooklyn, for Plaintiff.
Rothenberg & Romanek, East Meadow, for Defendant.

Sandra E. Roper, J.

Recitation, as required by CPLR §2219(a) of the papers considered in review of this Motion:
Papers
Notice of Motion and Affidavits Annexed 1 & 2
Answering Affidavits 3-4
Replying Affidavits 5
Exhibits
Other
Upon the foregoing cited papers, and after oral argument held November 19, 2025 the Decision and Order on Defendant's Motion to Dismiss pursuant to CPLR 3211 is decided as follows:
Notwithstanding that This Court judiciously grants adjournments in exercise of its judicial discretion for uncalendared cross-motions, where the motion appears on the Final No-Further-Adjournments [NFA] Calendar Part, its general pattern and practice carve out exception for distinct dispositive motions, including but not limited to, lack of jurisdiction over defendant and Res Judicata/Collateral Estoppel Declaratory Judgment. On this day, although not on all fours, there were seven cases with the same jurisdictional argument concerning improper [*2]attempted service of process upon corporate no-fault insurers pursuant to VTL § 253. Pursuant to This Court's pattern and practice within its judicial discretion, Plaintiff's application for adjournment to reply was denied. Upon which, Plaintiff made allegation of bias of This Court for denying its application for adjournment to submit a reply, whereas other dissimilar cases on NFA calendars generally were granted application for adjournments to meet uncalendared cross-motions (parenthetically, including sundry other matters by Plaintiff's counsel). Nevertheless, Plaintiff made demand for on the record arguments of all seven cases, which was granted. Plaintiff was accorded full and fair opportunity to provide its full breadth of argument. Upon which, This Court rejects Plaintiff's argument of bias as unfounded and denial of application for adjournment consistent with its pattern and practice.
It is well settled, "a process server's affidavit of service gives rise to a presumption of proper service" which may be rebutted by "[a] sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit", resulting in a traverse hearing (Wells Fargo Bank, NA v Tobing, 175 AD3d 745, 747 [2d Dep't 2019]), citing Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776 [2d Dep't 2017]; see Citibank, N.A. v Balsamo, 144 AD3d 964, 964 [2d Dep't 2016]; see Palma v Apatow, 230 AD3d 1244, 1245 [2d Dep't 2024]). However, where the affidavit of service on its face presents deviation of, or inconsistency with strict adherence to the statutory method of service relegates the affidavit of service void ab initio. Therefore, its validity is not an issue for a sworn fact-finding traverse hearing, but rather decided as a matter of law.
It is a foundational legal principle that the "court lacks personal jurisdiction over a defendant who is not properly served with process" even where defendant receives timely notice of the action" (Palma at 1245, citing Everbank v. Kelly, 203 AD3d 138 [2d Dep't 2022]). In this instant matter, affidavit of service states effectuated pursuant to VTL § 253.
"1. The use or operation by a non-resident of a vehicle in this state, or the use or operation in this state of a vehicle in the business of a non-resident, or the use or operation in this state of a vehicle owned by a non-resident if so used or operated with his permission, express or implied, shall be deemed equivalent to an appointment by such non-resident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such non-resident may be involved while using or operating such vehicle in this state or in which such vehicle may be involved while being used or operated in this state in the business of such non-resident or with the permission, express or implied, of such non-resident owner; and such use or operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state and within the territorial jurisdiction of the court from which the summons issues" (Vehicle and Traffic Law § 253).
Here, Plaintiff commenced this case against Defendant, a No-Fault insurance carrier, for reimbursement for medical services rendered to the assignor. The Legislative Intent of VTL § 253 envisioned to subject the nonresident natural person owners or operators who are parties in motor vehicle accidents within New York State, to be served process upon the Secretary of State with subsequent mailing requirements. Defendant is not a nonresident operator, nor a nonresident owner in strict compliance with VTL § 253 (Rosa v Allstate Ins. Co., 981 F2d 669, 671 [2d Cir. 1992]). Therefore, as a matter of law, this method of service is improper on its face [*3]and void ab initio (see Torres-Jimenez MD, P.C. v. American Access Cas. Co., 85 Misc 3d 1236 (A), 229 NYS 3d 339 [2025]. Plaintiff failed to properly effectuate service of process divesting This Court of jurisdiction over Defendant.
For the forgoing reasons Plaintiff's Summons and Complaint is dismissed without prejudice. Any uncalendared Cross-Motions are denied as moot.
Dated: November 25, 2025
Brooklyn, NY
Hon. Sandra E. Roper
Judge, Civil Court, Kings County