■ Merchants Insurance Group, as Subrogee of Helen Coutrier, Appellant, v Peter Coutrier, Respondent. [873 NYS2d 223]—

In a subrogation action to recover benefits paid to the plaintiff's insured, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated February 1, 2008, as, after a hearing to determine the validity of service of process, granted that branch of the defendant's motion which was pursuant to CPLR 5015 (a) (4) to vacate a judgment entered July 12, 2004, upon his default in appearing or answering the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The branch of the defendant's motion which was pursuant to CPLR 5015 (a) (4) to vacate the default judgment was properly granted since the purported service pursuant to the "nail and mail" provision of CPLR 308 (4) was defective. The defendant testified at the hearing to determine the validity of service of process that he had lived at his mother's house for the past 34 years, that he had never moved out of that house, where his wife also lived, either before or after the date of service, and that he never changed his address with the Department of Motor Vehicles, the Internal Revenue Service, his employer, his motor vehicle insurer, or his bank (*cf. Vitello v Rizzo*, 298 AD2d 452 [2002]; *Northeast Sav. v Picarello*, 232 AD2d 384 [1996]; *Federal Home Loan Mtge. Corp. v Venticinque*, 230 AD2d 412 [1997]). The proof elicited at the hearing established that the residence to which the summons and complaint was affixed and mailed was merely the temporary residence of the defendant's then-estranged wife during a brief period of marital discord (*see generally Matt Santangelo, Inc. v Brown*, 206 AD2d 463 [1994]; *Citibank v Keller*, 133 AD2d 63, 65 [1987]). Since the summons and complaint were never affixed to the defendant's actual "dwelling place" or "usual place of abode" and were never mailed to his last known residence, service upon the defendant was defective.

Contrary to the plaintiff's contention, the fact that the defendant had notice of the instant lawsuit with an opportunity to defend himself was an insufficient basis upon which to deny his motion to vacate the default judgment (*see Feinstein v Bergner*, 48 NY2d 234, 241 [1979]; *Laurence v Hillcrest Gen. Hosp.-GHI Group Health*, 119 AD2d 808, 809 [1986]; *McMullen v Arnone*, 79 AD2d 496, 499 [1981]). Rivera, J.P., Dillon, Miller, Balkin and Leventhal, JJ., concur.