■ MIRO MACHOVEC, Respondent, v PETER SVOBODA, Appellant. [992 NYS2d 279]—

In an action to recover damages for breach of a lease, the defendant appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated May 28, 2013, which denied his motion, inter alia, to vacate a judgment dated November 1, 2011, entered upon his default in appearing or answering the complaint.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Richmond County, for a hearing to determine whether the defendant was properly served with process, and for a new determination of the motion thereafter.

The defendant leased property from the plaintiff on Staten

Island. In 2010, in the midst of a dispute over the rent and an alleged oral modification of their agreement, the plaintiff commenced this action against the defendant. According to the process server's affidavit of service, the process server personally delivered a copy of the summons and complaint to the defendant on September 7, 2010. The defendant, who denies that he was served with a copy of the summons and complaint, did not answer or otherwise appear in the action.

In November 2010, the plaintiff mailed an additional copy of the summons and complaint to the defendant as a prerequisite to obtaining a default judgment under CPLR 3215. The defendant received the mailing, but ignored it on advice of counsel because of a perceived defect in the summons. The defendant expressly told counsel that he had not received a copy of the summons and complaint by any other means. In November 2011, the plaintiff obtained a default judgment against the defendant.

In early 2013, the defendant moved to vacate the judgment and extend the time to answer the complaint pursuant to, inter alia, CPLR 5015 (a) (1), or to vacate the judgment and dismiss the complaint pursuant to CPLR 3211 (a) (8) and 5015 (a) (4). The Supreme Court denied the motion without explanation and without holding a hearing to determinate the propriety of service of process.

A process server's affidavit of service gives rise to a presumption of proper service (see Wells Fargo Bank, N.A. v Final Touch Interiors, LLC, 112 AD3d 813, 814 [2013]; Matter of Romero v Ramirez, 100 AD3d 909, 910 [2012]; Stephan B. Gleich & Assoc. v Gritsipis, 87 AD3d 216, 220 [2011]). To be entitled to vacatur of a default judgment and dismissal of a complaint under CPLR 5015 (a) (4), a defendant must overcome the presumption raised by the process server's affidavit of service. A sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit will defeat the presumption of proper service (see Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630, 631 [2012]; Scarano v Scarano, 63 AD3d 716, 716 [2009]; Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 344 [2003]). If the presumption is rebutted, a hearing to determine the propriety of service of process is necessary. At the hearing, the burden is on the plaintiff to prove jurisdiction by a preponderance of the evidence (see Matter of Romero v Ramirez, 100 AD3d at 910; Tikvah Enters., LLC v Neuman, 80 AD3d 748, 749 [2011]; Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589 [2009]).

Here, the defendant expressly denied that he had ever been

served with legal papers. Additionally, the defendant stated that he did not meet the description of the person described in the affidavit of service of the summons and complaint, and he cited specific, significant discrepancies between his appearance and the description of the person served in the process server's affidavit of service. Although the defendant's description of his own appearance was as of the date of his affidavit, which was 2¹/₂ years after the date the process server allegedly served a copy of the summons and complaint, some of the discrepancies would not have been affected by the passage of that time (*cf. Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d 896, 897 [2013]; *Kopman v Blue Ridge Ins. Co.*, 296 AD2d 479, 480 [2002]). Given the defendant's unequivocal denial that he had been served, and the presence of significant discrepancies between the description in the affidavit of service and the defendant's own affidavit, the Supreme Court should have held a hearing before deciding that branch of the motion. Accordingly, we reverse the order and remit the matter to the Supreme Court, Richmond County, for a hearing to determine whether the defendant was properly served with process, and for a new determination of the defendant's motion thereafter. Balkin, J.P., Leventhal, Maltese and LaSalle, JJ., concur.