■ U.S. BANK NATIONAL ASSOCIATION, Respondent, v RONALD B. LOSNER, Appellant, et al., Defendants. [999 NYS2d 749]—

In an action to foreclose a mortgage, the defendant Ronald B. Losner appeals from an order of the Supreme Court, Queens County (Butler, J.), entered August 26, 2014, which denied his motion to vacate a judgment of foreclosure and sale of the same court entered July 11, 2008, which had been entered upon his failure to answer the complaint.

Ordered that the order is affirmed, with costs.

The defendant Ronald B. Losner (hereinafter the defendant) sought to vacate a judgment of foreclosure and sale, which had been entered upon his failure to answer the complaint, on the

ground of lack of personal jurisdiction. Pursuant to CPLR 5015 (a) (4), a judgment entered upon a movant's default must be vacated once the movant demonstrates lack of jurisdiction (*see Hossain v Fab Cab Corp.*, 57 AD3d 484 [2008]; *Matter of Qadeera Tonezia D.*, 55 AD3d 606 [2008]). Although a process server's affidavit of service ordinarily constitutes prima facie evidence of proper service (*see Deutsche Bank Natl. Trust Co. v Pestano*, 71 AD3d 1074 [2010]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343-344 [2003]), a defendant may rebut the prima facie showing with a sworn denial of receipt of process containing specific facts to refute the process server's affidavit (*see Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343 [2003]; *see also Deutsche Bank Natl. Trust Co. v Pestano*, 71 AD3d 1074 [2010]; *Wern v D'Alessandro*, 219 AD2d 646 [1995]; *Frankel v Schilling*, 149 AD2d 657 [1989]). Here, the Supreme Court correctly determined that the defendant's affidavit was insufficient to rebut the process server's affidavit, and therefore, properly denied the defendant's motion to vacate the judgment of foreclosure and sale. Rivera, J.P., Hall, Roman, Cohen and Barros, JJ., concur.