■ Wells Fargo Bank, N.A., as Trustee for Securitized Asset-Backed Certificates, Series 2005-SR5, Respondent, v Bernice Walter et al., Defendants, and Oscar Walter et al., Appellants. [37 NYS3d 446]—

In an action to foreclose a mortgage, the defendants Oscar Walter and Michael Walter appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered April 9, 2015, which denied their motion, inter alia, pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale of the same court entered June 20, 2008, which had been entered upon their failure to answer the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to foreclose a mortgage. The defendants Oscar Walter and Michael Walter (hereinafter together the defendants) failed to answer the complaint. A judgment of foreclosure and sale was subsequently entered upon their default. The defendants moved, inter alia, pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale on the ground of lack of personal jurisdiction. The Supreme Court denied the motion, and the defendants appeal.

Pursuant to CPLR 5015 (a) (4), a judgment entered upon a movant's default must be vacated once the movant demonstrates lack of jurisdiction (see *U.S. Bank N.A. v Losner*, 125 AD3d 640, 640-641 [2015]). "A process server's affidavit of service gives rise to a presumption of proper service" (*Machovec v Svoboda*, 120 AD3d 772, 773 [2014]; see *Matter of Romero v Ramirez*, 100 AD3d 909, 910 [2012]). "To be entitled to vacatur of a default judgment . . . under CPLR 5015 (a) (4), a defendant must overcome the presumption raised by the process server's affidavit of service. A sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit will defeat the presumption of proper service" (*Machovec v Svoboda*, 120 AD3d at 773; see *U.S. Bank N.A. v Losner*, 125 AD3d at 641; *Deutsche Bank Natl. Trust Co. v DaCosta*, 97 AD3d 630, 631 [2012]). "If the presumption is rebutted, a hearing to determine the propriety of service of process is necessary" (*Machovec v Svoboda*, 120 AD3d at 773). However, "no hearing is required where the defendant fails to swear to 'specific facts to rebut the statements in the process server's affidavits' " (*Scarano v Scarano*, 63 AD3d 716, 716 [2009], quoting *Simonds v Grobman*, 277 AD2d 369, 370 [2000]).

Here, the affidavits of the plaintiff's process server constituted prima facie evidence of proper service on the defendants pursuant to CPLR 308 (2), and the affidavits submitted by the defendants failed to swear to specific facts to rebut the statements in the process server's affidavits (see *Wells Fargo Bank, N.A. v Tricarico*, 139 AD3d 722 [2016]; *U.S. Bank N.A. v Losner*, 125 AD3d at 641; *US Natl. Bank Assn. v Melton*, 90 AD3d 742, 743 [2011]; *Georges v Dr. Claude Michel Mem. Med. Ctr.*, 76 AD3d 953, 953-954 [2010]).

The defendants' remaining contentions either are without merit or do not warrant reversal.

Accordingly, the Supreme Court properly denied the defendants' motion. Mastro, J.P., Hall, Sgroi and Barros, JJ., concur.