■ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Holders of GSAMP TRUST 2005-HE1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HE1, Respondent, v LAWRENCE O'KING, JR., Appellant, et al., Defendants. [51 NYS3d 523]—

In an action to foreclose a mortgage, the defendant Lawrence O'King, Jr., appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated October 22, 2014, as denied that branch of his motion which was pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale of the same court (Loehr, J.) entered June 11, 2010, upon his default in appearing in the action or answering the complaint.

Ordered that the order dated October 22, 2014, is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine whether the defendant Lawrence O'King, Jr., was properly served with process pursuant to CPLR 308 (4), and for a new determination thereafter of that branch of his motion which was pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale.

The plaintiff commenced this action against, among others, the defendant Lawrence O'King, Jr. (hereinafter the defendant), to foreclose a mortgage. The defendant failed to appear in this action or answer the complaint. On June 11, 2010, the Supreme Court entered a judgment of foreclosure and sale upon the defendant's default. By order to show cause dated July 25, 2014, the defendant moved, inter alia, pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale. Insofar as relevant here, the Supreme Court denied that branch of the defendant's motion, without holding a hearing to determine the propriety of service of process.

A process server's affidavit of service gives rise to a presumption of proper service (see Velez v Forcelli, 125 AD3d 643, 644 [2015]; Edwards, Angell, Palmer & Dodge, LLP v Gerschman, 116 AD3d 824, 825 [2014]; Scarano v Scarano, 63 AD3d 716 [2009]). To be entitled to vacatur of a default judgment under CPLR 5015 (a) (4), a defendant must overcome the presumption raised by the process server's affidavit of service (see Machovec v Svoboda, 120 AD3d 772, 773 [2014]). A sworn denial containing a detailed and specific contradiction of the allega-

tions in the process server's affidavit will defeat the presumption of proper service (*see Machovec v Svoboda*, 120 AD3d at 773; *Deutsche Bank Natl. Trust Co. v DaCosta*, 97 AD3d 630, 631 [2012]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 344 [2003]). If the presumption is rebutted, a hearing to determine the propriety of service of process is necessary. At the hearing, the burden is on the plaintiff to prove jurisdiction by a preponderance of the evidence (*see Machovec v Svoboda*, 120 AD3d at 773; *Matter of Romero v Ramirez*, 100 AD3d 909, 910 [2012]; *Tikvah Enters., LLC v Neuman*, 80 AD3d 748, 749 [2011]).

Where service is effected pursuant to CPLR 308 (4), the affix and mail method, the plaintiff must demonstrate that the summons was affixed to the door of the dwelling place or usual place of abode of the person to be served and mailed to such person's last known residence (*see* CPLR 308 [4]). The "dwelling place" is one at which the defendant is actually residing at the time of delivery (*see Feinstein v Bergner*, 48 NY2d 234, 241 [1979]). The "usual place of abode" is a place at which the defendant lives with a degree of permanence and stability and to which he intends to return (*see Feinstein v Bergner*, 48 NY2d at 239 n 3; *Argent Mtge. Co., LLC v Vlahos*, 66 AD3d 721 [2009]; *Merchants Ins. Group v Coutrier*, 59 AD3d 602, 603 [2009]; *Federal Home Loan Mtge. Corp. v Venticinque*, 230 AD2d 412 [1997]).

In support of that branch of his motion which was to vacate the judgment of foreclosure and sale, the defendant produced the process server's affidavit, which demonstrated that the defendant had purportedly been served pursuant to CPLR 308 (4) at an address in Charlotte, North Carolina. In his affidavit, the defendant stated that he was never personally served, that he did not reside at the North Carolina address where the process server attempted personal service and eventually affixed the papers, that he resided at the mortgaged property in Yonkers, New York, and that his estranged wife resided at the property in North Carolina, which he and his wife owned together. In an affidavit, the defendant's estranged wife stated that she did not see any summons and complaint affixed to her door and never received any summons and complaint in the mail, that the defendant did not reside with her at the North Carolina address and did not reside with her in 2009 when service of process allegedly was effectuated, and that the defendant resided at the mortgaged property in Yonkers. The defendant's submissions were sufficient to rebut the presumption of proper service (*see Aurora Loan Servs., LLC v Gaines*, 104

AD3d 885, 887 [2013]; *Sileo v Victor,* 104 AD3d 669, 670 [2013]; *U.S. Bank, N.A. v Arias,* 85 AD3d 1014, 1016 [2011]; *Engel v Boymelgreen,* 80 AD3d 653, 655 [2011]). Furthermore, in replying to contentions raised by the plaintiff in its opposition papers, the defendant submitted further affidavits and documentary evidence which implicated the credibility of the plaintiff's process server (*see Jhang v Nassau Univ. Med. Ctr.,* 140 AD3d 1018, 1019 [2016]; *Washington Mut. Bank v Holt,* 113 AD3d 755, 757 [2014]; *U.S. Bank, N.A. v Arias,* 85 AD3d at 1016). Under these circumstances, a hearing should have been held before determining that branch of the defendant's motion which was to vacate the judgment of foreclosure and sale. Accordingly, the matter must be remitted to the Supreme Court, Westchester County, for a hearing to determine whether the defendant was properly served with process pursuant to CPLR 308 (4), and for a new determination thereafter of that branch of his motion which was to vacate the judgment of foreclosure and sale. Chambers, J.P., Roman, LaSalle and Barros, JJ., concur.