HSBC Bank USA v Whitter (2018 NY Slip Op 02146)





HSBC Bank USA v Whitter


2018 NY Slip Op 02146


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2015-10960
 (Index No. 27963/08)

[*1]HSBC Bank USA, etc., respondent, 
v
Leeroy Whitter, appellant, et al., defendants.


Solomon Rosengarten, Brooklyn, NY, for appellant.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, and Ryan Sirianni of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated July 31, 2015. The order denied, without a hearing, the motion of the defendant Leeroy Whitter to vacate a judgment of foreclosure and sale of the same court dated February 5, 2015, and to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
On November 7, 2005, the defendant Leeroy Whitter (hereinafter the defendant) executed a note promising to repay the principal sum of $484,000. As security for the loan, the defendant executed and delivered a mortgage encumbering residential property in Canarsie, Brooklyn. The mortgage was subsequently assigned to the plaintiff.
The defendant defaulted on the loan by failing to make the payment due on July 1, 2008. In October 2008, the plaintiff commenced this mortgage foreclosure action against the defendant and others.
Service upon the defendant was accomplished pursuant to CPLR 308(2). The plaintiff's process server averred that, on October 15, 2008, he delivered the summons, complaint, and notice required by RPAPL 1303 to "Veronica Cobourn (Family Member)," a person of suitable age and discretion at the subject property, "[s]aid premises being the defendant's dwelling place within the State of New York." The process server further averred that, on October 20, 2008, he mailed those documents to the defendant at the address of the subject property "by depositing a true copy of the same in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States post office."
The defendant did not answer the complaint or timely appear in the action.
On or about February 18, 2009, the plaintiff's prior counsel, Steven J. Baum, P.C., moved for leave to enter a default judgment and for an order of reference. However, Administrative [*2]Order 548/10 of the Chief Administrative Judge of the Courts went into effect on October 20, 2010, imposing a requirement that a plaintiff's attorney in certain mortgage foreclosure actions submit an affirmation confirming the factual accuracy and the accuracy of notarizations of all filings in support of foreclosure (see Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1063, 1065). Consequently, the 2009 motion for a default judgment and an order of reference was withdrawn on December 2, 2010, in order to comply with the requirements of Administrative Order 548/10. During that time period, the defendant did not appear for settlement conferences held on April 8, 2010, and May 6, 2010.
On or about December 27, 2011, the law firm of Frenkel, Lambert, Weiss, Weisman & Gordon LLP was substituted as counsel for the plaintiff, and the plaintiff filed a second motion for leave to enter a default judgment and for an order of reference. On April 29, 2013, the Supreme Court granted the motion and appointed a referee to compute the amount due and owing. In that order, the court stated, among other things, that the defendant "defaulted in pleading and no answer to the motion directed to the sufficiency of the complaint has been interposed by the [defendant] though the time to do so has expired."
On November 3, 2014, approximately 18 months after the Supreme Court directed the matter to a referee, the defendant's counsel filed a notice of appearance. On November 18, 2014, upon the return of the referee's oath and report, the plaintiff moved for a judgment of foreclosure and sale. This motion was made on notice to the defendant's counsel, but he did not submit opposition papers or a cross motion. On February 5, 2015, the court signed a judgment of foreclosure and sale.
By order to show cause dated April 1, 2015, five months after the notice of appearance was filed, the defendant moved, in effect, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. He also sought dismissal of the complaint insofar as asserted against him pursuant to CPLR 3215(c) based upon the plaintiff's alleged failure to timely take proceedings for the entry of a default judgment.
In support of his motion, the defendant submitted an affidavit wherein he denied residing at the mortgaged premises "on October 15, 2008," when the process server delivered the papers to Cobourn at that address. The defendant further averred that, on that specific date, he resided at a different address in Brooklyn, in nearby East Flatbush. In further support, the defendant annexed several documents from the year 2008 bearing his name and the alternate street address in East Flatbush. However, the defendant did not specifically deny that he received a copy of the summons and complaint or that the person served, Cobourn, was indeed a family member and a person of suitable age and discretion. Moreover, many of the documents bearing the East Flatbush address did not include specific dates.
The Supreme Court denied the motion without a hearing. The defendant appeals, arguing that he was entitled to a hearing to determine whether he was properly served with the summons and complaint. He has abandoned his contention that the complaint should be dismissed pursuant to CPLR 3215(c). We affirm.
CPLR 308(2) provides, in relevant part, that personal service upon a natural person may be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business."
The affidavit of a process server constituted prima facie evidence of proper service (see U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155; FV-1, Inc. v Reid, 138 AD3d 922, 923; Machovec v Svoboda, 120 AD3d 772, 773). To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service (see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776; Machovec v Svoboda, 120 AD3d at 773). A sworn denial of receipt of service containing "detailed and specific [*3]contradiction of the allegations in the process server's affidavit" may defeat the presumption of proper service (Machovec v Svoboda, 120 AD3d at 773; see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d at 776-777; Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630, 631; Bank of Am. Natl. Trust & Sav. Assn. v Herrick, 233 AD2d 351, 352).
Contrary to the defendant's contention, the Supreme Court correctly determined that his affidavit and documents were insufficient to rebut the process server's affidavit, and, thus, that no hearing was warranted. In his affidavit, the defendant never denied receipt of the summons and complaint (cf. U.S. Bank, N.A. v Tauber, 140 AD3d at 1155). He never denied that Cobourn was a family member or that the mortgaged premises was his "usual place of abode"—that is, "a place at which the defendant lives with a degree of permanence and stability and to which he [or she] intends to return" (Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d at 777, citing Feinstein v Bergner, 48 NY2d 234, 239 n 3). Further, he did not deny that the mortgaged premises was his last known residence. Additionally, the defendant did not indicate that he advised the original lender that he moved from the mortgaged premises.
Under all of these circumstances, the defendant's sworn statement that he had a different address on the specific date that the papers were delivered to his family member at the mortgaged premises was insufficient to rebut the prima facie evidence of substitute service (see Wells Fargo Bank, N.A. v Walter, 142 AD3d 992, 993; U.S. Bank, N.A. v Peralta, 142 AD3d 988, 989; U.S. Bank N.A. v Losner, 125 AD3d 640, 641; cf. Emigrant Bank v Ramasir, 145 AD3d 856; U.S. Bank, N.A. v Tauber, 140 AD3d at 1155-1156).
Accordingly, the Supreme Court correctly denied the defendant's motion without holding a hearing.
RIVERA, J.P., MILLER, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court