US Bank, N.A. v Daskal (2018 NY Slip Op 05792)





US Bank, N.A. v Daskal


2018 NY Slip Op 05792


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2016-01576
 (Index No. 20139/08)

[*1]US Bank, N.A., etc., respondent, 
v
Mendel Daskal, etc., et al., appellants, et al., defendants.


Wenig Saltiel LLP, Brooklyn, NY (Meryl L. Wenig and Jason M. Fink of counsel), for appellants.
Rosenberg & Estis, P.C., New York, NY (Timothy J. Fierst and Jamie C. Krapf of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Mendel Daskal and Emanuel Schwartz appeal from a resettled judgment of foreclosure and sale of the Supreme Court, Kings County (Lawrence Knipel, J.), dated April 21, 2017, entered upon their failure to appear or answer the complaint. The appeal brings up for review so much of an order of the same court (Edgar Walker, J.), dated October 9, 2015, as denied those branches of those defendants' motion which were pursuant to CPLR 5015(a)(3) and (4) to vacate a judgment of foreclosure and sale entered July 23, 2014, upon their failure to appear or answer the complaint.
ORDERED that the resettled judgment is affirmed, with costs.
In 2008, the plaintiff's assignor, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), commenced this action to foreclose a mortgage given by the defendant Mendel Daskal. Daskal failed to timely appear or answer the complaint, as did the defendant Emanuel Schwartz (hereinafter together the defendants), the record owner of the property at the time the action was commenced. On July 23, 2014, the Supreme Court, upon Wells Fargo's motion, which was opposed by Daskal, entered a judgment of foreclosure and sale which, upon permitting the plaintiff's substitution in place of Wells Fargo, was in favor of the plaintiff. Although Daskal appealed from the judgment of foreclosure and sale, by decision and order on motion of this Court dated June 10, 2015, the appeal was dismissed for failure to perfect.
In February 2015, the defendants moved by order to show cause, inter alia, to stay all proceedings and to vacate the judgment of foreclosure and sale pursuant to CPLR 5015(a)(3) and (4). By order dated October 9, 2015, the Supreme Court denied the defendants' motion, which resulted in the resettled judgment dated April 21, 2017. The defendants appeal.
The dismissal of Daskal's prior appeal from the judgment of foreclosure and sale entered July 23, 2014, for failure to perfect, constituted an adjudication on the merits as to Daskal with respect to all issues that could have been reviewed therein, and this Court declines to review [*2]those issues on this appeal to the extent they are raised by Daskal (see Bray v Cox, 38 NY2d 350, 353; US Bank N.A. v Conroy, 160 AD3d 785, 786; Madison Realty Capital, L.P. v Broken Angel, LLC, 107 AD3d 766, 767; Harry's Nurses Registry, Inc. v Jen Kuo Chen, 57 AD3d 733).
Schwartz's contention that he was never properly served with process is without merit. "A process server's affidavit of service gives rise to a presumption of proper service" (Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776). "A sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit will defeat the presumption of proper service" (id. at 776-777; see HSBC Bank USA v Whitter, 159 AD3d 942). "If the presumption is rebutted, a hearing to determine the propriety of service of process is necessary" (Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d at 777).
The process server averred in his affidavit of service that on July 14, 2008, at the subject premises, he served the summons and complaint on Schwartz by delivering a copy thereof to a person of suitable age and discretion, namely, "family member" Bracha Rosenbaum, and that on July 16, 2008, he mailed copies of the documents to Schwartz at the same address. These statements in the affidavit of service give rise to a presumption that Schwartz was properly served with process (see CPLR 308[2]).
Although Schwartz denied ever having resided at the subject premises, he failed to support his assertion (see U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155). Moreover, he did not specifically deny that Rosenbaum was a family member and a person of suitable age and discretion (see HSBC Bank USA v Whitter, 159 AD3d 942). Accordingly, Schwartz failed to rebut the presumption of proper service (see Bank of N.Y. v Espejo, 92 AD3d 707; 96 Pierrepont v Mauro, 304 AD2d 631).
In any event, Schwartz confirmed, in his affirmation and supporting documentary evidence, that he had transferred all of his right, title, and interest in the subject property to a third party on May 31, 2013, and there is no indication in the record that Schwartz was an "interested person" having standing to seek vacatur of the judgment of foreclosure and sale when he made his motion in February 2015 (CPLR 5015[a]; see Stewart v New York City Tr. Auth., 125 AD3d 129, 132-134).
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., CHAMBERS, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court