Morgan Stanley Mtge. Capital Holdings, LLC v Hunter (2019 NY Slip Op 01403)





Morgan Stanley Mtge. Capital Holdings, LLC v Hunter


2019 NY Slip Op 01403


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2017-00106
 (Index No. 6154/11)

[*1]Morgan Stanley Mortgage Capital Holdings, LLC, respondent, 
v
Franshara Hunter, appellant, et al., defendants.


Franshara Hunter, Jamaica, NY, appellant pro se.
Reed Smith LLP, New York, NY (Andrew B. Messite and Kerren B. Zinner of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Franshara Hunter appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered May 9, 2016. The order denied the defendant Franshara Hunter's motion to vacate an order of reference of the same court dated December 17, 2015.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action on March 14, 2011, to foreclose on the mortgage of the defendant Franshara Hunter (hereinafter the defendant). A process server submitted an affidavit stating that she served the defendant with the summons and complaint. The defendant failed to answer the complaint.
In an order dated December 17, 2015, the Supreme Court granted the plaintiff's motion for an order of reference. In an affidavit submitted in opposition to that motion, the defendant argued that the plaintiff lacked standing to foreclose, because it was not the owner of the note or the mortgage. The defendant did not address her failure to answer the complaint.
By notice of motion dated March 4, 2016, the defendant moved to vacate the order of reference, again arguing that the plaintiff lacked standing to foreclose the mortgage. The Supreme Court denied the motion, and the defendant appeals.
We agree with the Supreme Court's determination denying the motion. The defendant failed to address her default in answering the complaint (see generally Deutsche Bank Natl. Trust Co. v` O'King, 148 AD3d 776, 776). Therefore, the defendant waived the defense of lack of standing (see HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 817).
The defendant's remaining contentions are improperly raised for the first time on appeal (see Wells Fargo Bank, N.A. v Erobobo, 127 AD3d 1176, 1178).
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court