Citibank, N.A. v Currier (2019 NY Slip Op 03947)





Citibank, N.A. v Currier


2019 NY Slip Op 03947


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-10188
 (Index No. 2518/10)

[*1]Citibank, N.A., respondent, 
v
Brett Currier, appellant.


Mirkin & Gordon, P.C., Great Neck, NY (Arthur J. DiBerardino and Elisabetta Capizola of counsel), for appellant.



DECISION & ORDER
In an action to recover on a promissory note, the defendant appeals from an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated August 18, 2017. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate a judgment of the same court entered December 2, 2010, upon his default in appearing in the action or answering the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for a hearing to determine whether the defendant was properly served with process pursuant to CPLR 308(2), and for a new determination thereafter of that branch of the defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate the default judgment.
The plaintiff commenced this action against the defendant to recover on a promissory note by filing a summons and complaint dated March 25, 2010. Service upon the defendant was purportedly effected pursuant to CPLR 308(2) by delivering the summons and complaint to a person of suitable age and discretion at the defendant's dwelling place or usual place of abode, and by mailing the summons and complaint to his last known residence. The defendant failed to appear in this action or to answer the complaint. On December 2, 2010, the Supreme Court entered a judgment in the principal sum of $57,726.59 upon the defendant's default. By order to show cause dated June 6, 2017, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the default judgment. The court denied that branch of the defendant's motion, without holding a hearing to determine the propriety of service of process.
A process server's affidavit of service establishes a prima facie case as to the method of service and, thus, gives rise to a presumption of proper service (see Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987; Wells Fargo Bank, N.A. v Leonardo,167 AD3d 816; LaSalle Bank N.A. v Calle, 153 AD3d 801, 802). To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service (see Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987; Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776; Machovec v Svoboda, 120 AD3d 772, 773). Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing a detailed and specific contradiction of the allegations in the process server's affidavit generally rebuts the presumption of proper service and necessitates a hearing to determine the propriety of service of process (see Deutsche Bank Natl. Trust Co. v Stolzberg, 165 AD3d 624, 625; [*2]Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d at 776-777; Machovec v Svoboda, 120 AD3d at 773).
Here, the process server's affidavit alleged that the summons and complaint were delivered on April 8, 2010, at 10:59 a.m., to a person of suitable age and discretion identified as Yvonne Currier, a "co-resident," at the defendant's residence. In support of his motion, the defendant submitted an affidavit from his wife, Yvonne Currier, averring that she was never served with the summons and complaint, and that she was at work on April 8, 2010, at 10:59 a.m. The defendant also submitted a copy of an electronic time sheet from Currier's employer showing that Currier was at work on April 8, 2010, between the hours of 9:00 a.m. and 3:15 p.m. and the hours of 4:15 p.m. and 5:30 p.m. Currier also averred that she never had blonde hair, as described in the process server's affidavit. Under these circumstances, the defendant was entitled to a hearing on the issue of whether service was properly effected pursuant to CPLR 308(2) (see Toyota Motor Credit Corp. v Lam, 93 AD3d 713, 714; Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; Wern v D'Alessandro, 219 AD2d 646, 647). Thus, we remit the matter to the Supreme Court, Dutchess County, for a hearing to determine whether the defendant was properly served and, thereafter, for a new determination of that branch of the defendant's motion which was to vacate the default judgment.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court