HMC Assets, LLC v Dhanani (2019 NY Slip Op 04364)





HMC Assets, LLC v Dhanani


2019 NY Slip Op 04364


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-05693
 (Index No. 17196/09)

[*1]HMC Assets, LLC, etc., respondent, 
v
Yasmin Dhanani, appellant, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Alexander Krul and Juan Paolo F. Dizon of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Oran Schwager of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Yasmin Dhanani appeals from an order of the Supreme Court, Queens County (Jeremy S. Weinstein, J.), entered March 19, 2018. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 5015(a)(4) to vacate an order of reference of the same court (Marguerite A. Grays, J.) dated January 7, 2010, an order of reference of the same court (Marguerite A. Grays, J.) dated February 25, 2016, and a judgment of foreclosure and sale of the same court (Jeremy S. Weinstein, J.) entered August 1, 2017, upon her failure to appear or answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order entered March 19, 2018, is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine whether the defendant Yasmin Dhanani was properly served with process pursuant to CPLR 308(2), and thereafter for a new determination of her motion pursuant to CPLR 5015(a)(4) to vacate the orders of reference and the judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
On June 29, 2009, the plaintiff's predecessor in interest commenced this action against, among others, the defendant Yasmin Dhanani (hereinafter the defendant) to foreclose a mortgage. Service upon the defendant was purportedly effected pursuant to CPLR 308(2) by delivering the summons and complaint to a person of suitable age and discretion at the mortgaged premises, and by mailing the summons and complaint to the same address. Based upon the understanding that all of the defendants had been served with process or had voluntarily appeared, the Supreme Court issued an order of reference dated January 7, 2010. In an order of reference dated February 25, 2016, the court, inter alia, vacated its prior order of reference and deemed the defendant to be in default. On August 1, 2017, a judgment of foreclosure and sale was entered against, among others, the defendant. By order to show cause dated October 12, 2017, the defendant moved pursuant to CPLR 5015(a)(4) to vacate the orders of reference and the judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her on the ground of lack of personal jurisdiction. The plaintiff opposed the motion and cross-moved [*2]pursuant to CPLR 306-b for an extension of time to serve the summons and complaint. Insofar as relevant here, the court denied the defendant's motion without holding a hearing to determine the propriety of service of process. The defendant appeals.
A process server's affidavit of service establishes a prima facie case as to the method of service and, thus, gives rise to a presumption of proper service (see Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988; Wells Fargo Bank, N.A. v Leonardo, 167 AD3d 816, 817; LaSalle Bank N.A. v Calle, 153 AD3d 801, 802). To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service (see Federal Natl. Mtge. Assn. v Alverado, 167 AD3d at 988; Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776; Machovec v Svoboda, 120 AD3d 772, 773). Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing a detailed and specific contradiction of the allegations in the process server's affidavit generally rebuts the presumption of proper service and necessitates a hearing to determine the propriety of service of process (see Deutsche Bank Natl. Trust Co. v Stolzberg, 165 AD3d 624, 625; Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d at 776-777; Machovec v Svoboda, 120 AD3d at 773).
Here, the process server's affidavit alleged that the summons and complaint were delivered to a person of suitable age and discretion identified as Tanvir Dhanani (hereinafter Tanvir), the defendant's son, at the mortgaged premises in Whitestone, Queens, on July 14, 2009, at 11:40 a.m. In support of her motion, the defendant averred that she did not receive any court papers from Tanvir. She also submitted an affidavit of Tanvir, who stated that he did not receive any papers from the plaintiff's process server on July 14, 2009, and that he had left the mortgaged premises, which was his residence, at 8:30 a.m. that day to open the store where he worked in the Bronx. In addition, the defendant submitted evidence that implicated the credibility of the plaintiff's process server (see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d at 778; Washington Mut. Bank v Holt, 113 AD3d 755, 757). Under these circumstances, the presumption of proper service was rebutted and an evidentiary hearing was required (see Federal Natl. Mtge. Assn. v Alverado, 167 AD3d at 988; Mizerek v Rosenfeld, 162 AD3d 1005, 1006; FV-1, Inc. v Reid, 138 AD3d 922, 924; Deutsche Bank Natl. Trust Co. v Pestano, 71 AD3d 1074, 1075). Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a hearing to determine whether the defendant was properly served with process pursuant to CPLR 308(2), and thereafter for a new determination of the defendant's motion to vacate the orders of reference and the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against her.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court