Bank of N.Y. Mellon v Lawson (2019 NY Slip Op 07760)





Bank of N.Y. Mellon v Lawson


2019 NY Slip Op 07760


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-10748
 (Index No. 704308/14)

[*1]Bank of New York Mellon, respondent, 
v
Darla A. Lawson, etc., et al., appellants, et al., defendants.


Harvey Sorid, Uniondale, NY, for appellants.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Darla A. Lawson and John Lawson appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered September 21, 2016. The order denied those defendants' motion to vacate an order of reference of the same court dated June 1, 2015, and a judgment of foreclosure and sale of the same court entered April 8, 2016, and for leave to serve a late answer on behalf of the defendant John Lawson.
ORDERED that the order entered September 21, 2016, is affirmed, without costs or disbursements.
On September 14, 2009, Bessie Lawson (hereinafter the decedent) entered into a reverse mortgage contract regarding real property located at 134-14 116th Avenue in South Ozone Park. She died on November 9, 2009. The mortgage was subsequently assigned to the plaintiff, which commenced this action to foreclose the mortgage on June 19, 2014. The decedent's children, the defendants Darla A. Lawson and John Lawson (hereinafter together the defendants), never answered the complaint. The plaintiff submitted the affidavit of a process server, who stated that he delivered the summons and complaint to someone named Angela, a person of suitable age and discretion, at 1035 Willmohr Street, Apt. B3, in Brooklyn on July 12, 2014. The process server further stated that he mailed a copy of the summons and complaint to the defendant John Lawson at the same address on July 18, 2014.
The Supreme Court granted the plaintiff's unopposed motion for an order of reference and issued an order of reference dated June 1, 2015. Subsequently, on April 8, 2016, the court entered a judgment of foreclosure and sale. On June 8, 2016, the defendants moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order of reference and the judgment of foreclosure and sale for lack of personal jurisdiction, and for leave to serve a late answer on behalf of John Lawson. In support, the defendants submitted an affidavit from John Lawson, in which he stated: "I was never served with the Complaint. I never lived at 1035 Willmohr Street Apt B3 Brooklyn NY 11212. I live on the top floor of 134-14 116th Avenue, South Ozone Park, NY 11420 and I was living there throughout the year of 2014."
In an order entered September 21, 2016, the Supreme Court denied the defendants' motion, concluding, among other things, that John Lawson's "bare unsubstantiated denial of service is insufficient to rebut the prima facie proof of proper service set forth in the affidavit of service." The defendants appeal.
"The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process. In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void" (Washington Mut. Bank v Murphy, 127 AD3d 1167, 1173-1174 [citations omitted]). "Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service (see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776). "Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing" (U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155 [citation omitted]).
We agree with the Supreme Court's conclusion that John Lawson's affidavit was insufficient to rebut the presumption raised by the process server's affidavit. The defendants failed to submit any documentary evidence to support John Lawson's claim that he did not reside at the Brooklyn address at the time he was served, and they failed to submit an affidavit from a resident of that address denying receipt of a copy of the summons and complaint or stating that John Lawson did not live there (see Chichester v Alal-Amin Grocery & Halal Meat, 100 AD3d 820, 821; cf. Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d at 777-778).
In support of their motion, the defendants also raised the nonjurisdictional argument that the plaintiff failed to satisfy a condition precedent in the mortgage by failing to deliver a notice of default in the proper manner. We agree with the Supreme Court's conclusion in the order appealed from that "[a] defendant in default is not entitled to affirmative relief of a non-jurisdictional nature absent vacatur[ ] of his or her default." A defendant who defaults in an action to foreclose a mortgage must demonstrate a reasonable excuse for the default and the existence of a potentially meritorious cause of action in order to vacate the default (see Deutsche Bank Natl. Trust Co. v Rudman, 80 AD3d 651, 652). Here, the defendants do not assert that they have a reasonable excuse for their default.
Accordingly, we agree with the Supreme Court's denial of the defendants' motion to vacate the order of reference and the judgment of foreclosure and sale, and for leave to serve a late answer on behalf of John Lawson.
CHAMBERS, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court