Federal Natl. Mtge. Assn. v Castoldi (2020 NY Slip Op 05887)





Federal Natl. Mtge. Assn. v Castoldi


2020 NY Slip Op 05887


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-12980
 (Index No. 26506/08)

[*1]Federal National Mortgage Association, respondent,
v
Donald J. Castoldi, appellant, et al., defendant.


Scott A. Rosenberg, P.C., Garden City Park, NY, for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Donald J. Castoldi appeals from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated September 28, 2017. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale entered November 23, 2016, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Donald J. Castoldi which was pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale entered November 23, 2016, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine whether the defendant Donald J. Castoldi was properly served with process, and a new determination thereafter of that branch of his motion which was pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale entered November 23, 2016, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
The plaintiff's predecessor in interest commenced this action to foreclose a mortgage in 2008 against, among others, the defendant Donald J. Castoldi. Eight years later, in an order dated May 5, 2016, Federal National Mortgage Association was substituted as plaintiff and was awarded a default judgment against Castoldi. A judgment of foreclosure and sale was entered on November 23, 2016. In June 2017, Castoldi moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. In an order dated September 28, 2017, the Supreme Court denied the motion. Castoldi appeals.
We agree with the Supreme Court's determination denying that branch of Castoldi's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. That branch of the motion was untimely because it was made after entry of the judgment of foreclosure and sale (see Ditech Fin., LLC v Rizzo, 175 AD3d 1243, 1245; P.B. #7, LLC [*2]v 231 Fourth Ave. Lyceum, LLC, 167 AD3d 1028, 1031).
However, we agree with Castoldi that the Supreme Court should not have denied that branch of his motion which was pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale entered November 23, 2016, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction without first conducting a hearing to determine the validity of service of process pursuant to CPLR 308(4).
"It is well established that the burden of proving that personal jurisdiction was acquired rests at all times upon the plaintiff in the action" (Skyline Agency v Coppotelli, Inc., 117 AD2d 135, 139; see HSBC Bank USA, N.A. v Assouline, 177 AD3d 603, 604; Wells Fargo Bank, N.A. v Decesare, 154 AD3d 717). Ordinarily, a process server's sworn affidavit of service attesting to the proper delivery of a summons to a defendant constitutes prima facie evidence of service in the manner described (see Nationstar Mtge., LLC v Cohen, 185 AD3d 1039; Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988; Wells Fargo Bank, N.A. v Chaplin, 65 AD3d 588, 589). A defendant moving to vacate a judgment pursuant to CPLR 5015(a)(4) must overcome the presumption raised by such an affidavit of service (see Nationstar Mtge., LLC v Cohen, 185 AD3d 1039; Federal Natl. Mtge. Assn. v Alverado, 167 AD3d at 988). A sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit will defeat the presumption of proper service (see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776-777; Machovec v Svoboda, 120 AD3d 772, 773). If the presumption is rebutted, a hearing is necessary, at which the plaintiff must establish jurisdiction by a preponderance of the evidence (see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d at 777; Machovec v Svoboda, 120 AD3d at 773).
Here, the affidavit of service contained sworn allegations reciting that the process server served Castoldi with the summons and complaint, along with the RPAPL 1303 notice, at Castoldi's residence at 2:30 p.m. on July 19, 2008, by affixing a true copy of each to the door of the premises. The process server averred that he had been unable, "with due diligence," to find the defendant or a person of suitable age and discretion at the home, having "confirmed with the neighbor" and having called there on July 15, 2008, at 7:00 p.m., on July 16, 2008, at 3:30 p.m., and on July 18, 2008, at 7:15 a.m. The process server further averred that he also mailed a copy by first class mail to Castoldi at the residence on July 30, 2008.
Service pursuant to CPLR 308(4) may be used only where personal service under CPLR 308(1) and (2) cannot be made with "due diligence" (CPLR 308[4]; see Coley v Gonzalez, 170 AD3d 1107, 1108; Estate of Waterman v Jones, 46 AD3d 63, 65). "The requirement of due diligence must be strictly observed because there is a reduced likelihood that a defendant will actually receive the summons when it is served pursuant to CPLR 308(4)" (Coley v Gonzalez, 170 AD3d at 1108 [internal quotation marks omitted]; see Serraro v Staropoli, 94 AD3d 1083, 1084; McSorley v Spear, 50 AD3d 652, 653). "What constitutes due diligence is determined on a case-by-case basis, focusing not on the quantity of the attempts at personal delivery, but on their quality" (McSorley v Spear, 50 AD3d at 653; see Coley v Gonzalez, 170 AD3d at 1108; Serraro v Staropoli, 94 AD3d at 1084).
In support of that branch of his motion which was pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale entered November 23, 2016, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, Castoldi raised issues of fact as to whether the process server exercised due diligence in attempting to effectuate service pursuant to CPLR 308(1) or (2) before resorting to the "affix and mail" method pursuant to CPLR 308(4) (see HSBC Bank USA, N.A. v Assouline, 177 AD3d at 605; Coley v Gonzalez, 170 AD3d at 1108; Federal Natl. Mtge. Assn. v Alverado, 167 AD3d at 989; Sinay v Schwartzman, 148 AD3d 1068, 1070; Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d at 777-778; Machovec v Svoboda, 120 AD3d at 774; Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630, 631-632). Accordingly, a hearing to determine the validity of service of process on Castoldi is warranted.
Castoldi's remaining contention is without merit.
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court