Rodriguez v Kvatchadze (2025 NY Slip Op 01962)

Rodriguez v Kvatchadze

2025 NY Slip Op 01962

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-05944
 (Index No. 522491/21)

[*1]Santiago Rodriguez, respondent, 
v
Otar Kvatchadze, appellant, et al., defendants.

Jerome D. Patterson, P.C., Bayside, NY, for appellant.
Shulman & Hill, PLLC, New York, NY (Michael Zogala of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Otar Kvatchadze appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated April 28, 2023. The order denied that branch of the motion of the defendant Otar Kvatchadze which was pursuant to CPLR 5015(a)(1) to vacate an order of the same court (Joy F. Campanelli, J.) dated July 28, 2022, granting the plaintiff's unopposed motion for leave to enter a default judgment against that defendant.
ORDERED that the order dated April 28, 2023, is affirmed, with costs.
In September 2021, the plaintiff commenced this action to recover damages for personal injuries arising from a three-vehicle collision against, among others, the defendant Otar Kvatchadze (hereinafter the defendant). The plaintiff alleged that he was a passenger in the lead vehicle, operated by the defendant, when that vehicle was struck in the rear by another vehicle. Following the defendant's failure to timely answer the complaint or appear in the action, the plaintiff moved for leave to enter a default judgment against the defendant. In an order dated July 28, 2022, the Supreme Court granted the plaintiff's unopposed motion. In February 2023, the defendant moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order dated July 28, 2022, on the ground that he was not properly served with process. In an order dated April 28, 2023, the court denied that branch of the defendant's motion. The defendant appeals.
"A party seeking to vacate his or her default in answering the complaint pursuant to CPLR 5015(a)(1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action" (JPMorgan Chase Bank, N.A. v Morton, 226 AD3d 665, 667; see Deutsche Bank Natl. Trust Co. v Hossain, 187 AD3d 986, 987). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (M.V. v Applied Behavioral Mental Health Counseling, P.C., 219 AD3d 943, 944).
Here, the defendant failed to establish a reasonable excuse for his default based upon his claim that he was not properly served with process (see Citimortgage, Inc. v Barton, 212 AD3d 706, 708; Berganza v Pecora, 192 AD3d 743, 744). "'A process server's affidavit of service gives rise to a presumption of proper service'" (Berganza v Pecora, 192 AD3d at 744, quoting Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776). "'Bare and unsubstantiated denials are insufficient to rebut the presumption of service'" (id. [internal quotation marks omitted], quoting [*2]Wells Fargo Bank, NA v Tobing, 175 AD3d 745, 747). "However, '[a] sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit will defeat the presumption of proper service'" (id., quoting Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d at 776-777). Here, the affidavit of the plaintiff's process server constituted prima facie evidence that the defendant was properly served pursuant to CPLR 308(2) (see id.). Contrary to the defendant's contention, his affidavit denying that he resided at the address where service allegedly was effectuated at the time of service was conclusory and unsubstantiated and, therefore, was insufficient to rebut the presumption of proper service (see Zhiying Wang v Bin Wu, 208 AD3d 1211, 1212; Bank of N.Y. v Ilonzeh, 203 AD3d 1119, 1120-1121). Moreover, the defendant did not deny that Marine Kvatchadze, who allegedly accepted service on his behalf as his spouse, was his wife and that she accepted service as a person of suitable age and discretion (see US Bank, N.A. v Daskal, 164 AD3d 709, 711). Thus, the defendant failed to demonstrate a reasonable excuse for his default. In light of the defendant's failure to proffer a reasonable excuse, this Court need not consider whether the defendant demonstrated the existence of a potentially meritorious defense to the action (see HSBC Bank USA, N.A. v Gias, 215 AD3d 810, 812).
The parties' remaining contentions either need not be reached in light of our determination, are not properly before this Court, or are without merit.
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated July 28, 2022, granting the plaintiff's unopposed motion for leave to enter a default judgment against the defendant.
DILLON, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court